1  Joshua D. Kienitz, Bar No. 244903
   jkienitz@littler.com
2  LITTLER MENDELSON, P.C.
   Treat Towers 1255 Treat Boulevard Suite 600
3  Walnut Creek, California 94597
   Telephone: 925.932.2468
4  Fax No.: 925.946.9809

5  P. Dustin Bodaghi, Bar No. 271501
   dbodaghi@littler.com
6  Alejandra Gallegos, Bar No. 340320
   agallegos@littler.com
7  LITTLER MENDELSON, P.C.
   18565 Jamboree Road
8  Suite 800
   Irvine, California  92612
9  Telephone:      949.705.3000
   Fax No.:         949.724.1201
10

   Attorneys for Defendant
11 UNIVERSITY MECHANICAL & ENGINEERING
   CONTRACTORS, INC.
12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        COUNTY OF SAN DIEGO

15

16 BROCK ALLMARAS, on behalf of others          Case No.  24CU015473C
   similarly situated and the State of California
17 under the Private Attorneys General Act,     **DEFENDANT UNIVERSITY
                                                MECHANICAL & ENGINEERING
18              Plaintiffs,                      CONTRACTORS, INC.'S ANSWER AND
                                                NOTICE OF RELATED CASE PER CRC
19        v.                                    3.300**

20 UNIVERSITY MECHANICAL &                       ASSIGNED FOR ALL PURPOSES TO
   ENGINEERING CONTRACTORS, INC. and            JUDGE RICHARD S. WHITNEY
21 DOES 1 through 50, inclusive ,

22              Defendants.
                                                Trial Date: TBD
23                                              Complaint Filed:   October 7, 2024

24

25

26

27

28

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

Defendant UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, INC. ("Defendant"), hereby answers the complaint ("Complaint") of Plaintiff BROCK ALLMARAS ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant generally denies each and every allegation contained in the Complaint, and further denies that Plaintiff and/or the alleged aggrieved employees are entitled to compensatory damages, non-economic damages, punitive damages, attorneys' fees, costs of suit, or any other relief of any kind whatsoever.

Defendant's general denial is based on the factual contentions which include, but are not limited to, the following: (1) Defendant properly and timely paid employees, including Plaintiff, for all wages owed, including but not limited to minimum wages for all hours worked and overtime calculated at the proper regular rate of pay; (2) Defendant provided employees, including Plaintiff, with legally-compliant meal and rest breaks; (3) Defendant properly paid employees, including Plaintiff, meal and rest period premiums at the proper rate; (4) Defendant provided employees, including Plaintiff, with complete and accurate wage statements; (5) Defendant paid all wages due during employment and upon termination of employment to terminated employees, including Plaintiff; (6) Defendant reimbursed Plaintiff for all business-related expenses; and (7) Defendant's alleged misconduct did not injure or otherwise damage employees, including Plaintiff.

Given the conclusory nature of the Complaint, Defendant hereby reserves its right to amend or supplement its Answer upon further investigation and discovery of facts supporting its defenses.

**NOTICE OF RELATED CASE PER CAL. RULE OF COURT 3.300**

This case is related to S.D. Cal. Case No. 24CV1581-GPC-SBC (the "Related Case"), which was original filed on August 2, 2024, in this Court as Case No. 24CU004291C. The Related Case involves the same plaintiff, same defendant, same counsel, same underlying allegations of Labor Code and Wage Order violations, and the same or similar Section 301 preemption and arbitration arguments. A fuller explanation of why the above-captioned action is related to the Related Case is contained in the October 11, 2024, Notice of Related Case filed by Defendant in S.D. Cal. pursuant to S.D. Cal. Local Rule 40.1(f), which is attached hereto as Exhibit A.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    **THIS CASE WILL BE REMOVED ON SECTION 301 PREEMPTION GROUNDS**

2          As was true in the Related Case, Defendant will promptly remove this action on the basis that

3    the claims are preempted by Section 301 of the Labor Management Relations Act ("Section 301").

4          **ALL CLAIMS ARE SUBJECT TO ARBITRATION UNDER THE CBA.**

5          After removal, Defendant intends to file a motion for judgment on the pleadings under Federal

6    Rule of Civil Procedure 12(c), on two related grounds: (1) all claims in this action are preempted by

7    Section 301 and should be dismissed for that reason; and (2) all claims that remain should be dismissed

8    because are subject to arbitration under the applicable collective bargaining agreement (the CBA is

9    enforceable under Section 301 and is on file in S.D. Cal. in the Related Case).

10          **AFFIRMATIVE AND OTHER DEFENSES**

11          Defendant hereby further asserts the following defenses.  By asserting these defenses,

12    Defendant does not concede that it has the burden of proof as to any defense asserted below.  Defendant

13    does not presently know all of the facts concerning the conduct of Plaintiff sufficient to state all

14    defenses at this time.

15          Defendant further asserts that upon removal by Defendant, this case should be consolidated

16    with Plaintiff's class action case against Defendant, titled *Brock Allmaras v. University Mechanical &*

17    *Engineering Contractors, Inc. and DOES 1 through 50, inclusive*, Case No. 24CV1581-GPC-SBC,

18    pending in the United States District Court, Southern District of California, and then dismissed for the

19    same/similar reasons detailed in Defendant's Motion to Dismiss filed in the federal action.

20          As separate and distinct affirmative defenses, Defendant alleges the following:

21          **FIRST AFFIRMATIVE DEFENSE**

22          (Failure to State a Claim)

23          1.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint

24    fails to state a claim sufficient to constitute a cause of action upon which relief can be granted.

25          **SECOND AFFIRMATIVE DEFENSE**

26          (Consent)

27          2.     As a separate and distinct affirmative defense, Plaintiff's and/or the alleged aggrieved

28    employees' claims are barred, in whole or in part, by the doctrine of consent.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

(Equitable Defenses)

3.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and/or the alleged aggrieved employees claims are barred in whole or in part to the extent that their claims, are estopped, barred by laches, or barred by unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver and Release)

4.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims asserted therein are barred by waiver and release to the extent that Plaintiff and any alleged aggrieved employees have released or will release Defendant from liability for such claims asserted in the Complaint prior to adjudication of those claims in the instant action.

**FIFTH AFFIRMATIVE DEFENSE**

(Collateral Estoppel/Res Judicata/Waiver)

5.      As a separate and distinct affirmative defense, Plaintiff's and/or the alleged aggrieved employees' claims are barred, in whole or in part, to the extent covered by the doctrines of res judicata and/or collateral estoppel and/or waiver of claims.

**SIXTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

6.      As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action set forth in the operative Complaint is barred in whole or in part by the applicable statute(s) of limitation.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Remedies)

7.      As a separate and distinct affirmative defense, Plaintiff failed to timely and completely exhaust the requisite administrative and/or contractual remedies available to him prior to commencing this action.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Contractual Procedures)

8.    Defendant alleges the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust any applicable grievance and arbitral remedies under the collective bargaining agreement between Plaintiff's Union and Defendant as to all of the alleged claims.  Plaintiff has no remedy available in state court as his exclusive remedies arise from the collective bargaining agreement, pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 301.

**NINTH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Acts)

9.    As a separate and distinct affirmative defense, if Plaintiff and the alleged aggrieved employees he seeks to represent have suffered any harm/damages (which is expressly denied), said harm/damages was proximately caused by their own acts.

**TENTH AFFIRMATIVE DEFENSE**

(Breach of Duties)

10.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint, and each purported cause of action therein, or some of them, are barred by Plaintiff's and/or the alleged aggrieved employees' own breach of duties owed to Defendant under California Labor Code sections 2853 to 2859, to the extent, inter alia Plaintiff and/or the alleged aggrieved employees failed to use diligence and/or care in avoiding the harm alleged.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Not Authorized, Adopted, or Ratified)

11.    As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every claim therein, cannot be maintained against Defendant, in whole or in part, because if Defendant's employees (including Plaintiff and/or the alleged aggrieved employees) took the actions alleged, such actions were outside the course and scope of such employees' employment, and were not authorized, adopted or ratified by Defendant.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

5

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

(Meal and Rest Breaks - Compliance)

3      12.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for

4    meal and rest breaks are barred, in whole or in part, because Defendant provided legally complaint

5    meal and rest breaks.

6

**THIRTEENTH AFFIRMATIVE DEFENSE**

7

(Meal Periods and Rest Periods – Waiver)

8      13.    Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in

9    part, because Defendant reasonably and in good faith provided Plaintiff and/or the alleged aggrieved

10   employees with meal and rest periods, and that any failure by Plaintiff and/or the alleged aggrieved

11   employees to take meal and/or rest breaks constituted a waiver by Plaintiff and/or the alleged

12   aggrieved employees to take such meal and/or rest periods, including intentional decisions not to take

13   a meal or rest period and/or to the extent that Plaintiff's and/or the alleged aggrieved employees failure

14   to take meal and/or rest breaks was the result of a failure by Plaintiff and/or the alleged aggrieved

15   employees to follow Defendant's reasonable instructions.

16

**FOURTEENTH AFFIRMATIVE DEFENSE**

17

(Meal and Rest Breaks – No Hindrance)

18     14.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for

19   meal and rest breaks are barred, in whole or in part, because Defendant did nothing to prevent Plaintiff

20   and/or the alleged aggrieved employees from taking such breaks.

21

**FIFTEENTH AFFIRMATIVE DEFENSE**

22

(Unnecessary Expenses Barred)

23     15.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim

24   for unreimbursed business expenses fails to the extent that expenses incurred were unnecessary and/or

25   unreasonable and/or would have been otherwise incurred regardless of Plaintiff's and/or the alleged

26   aggrieved employees' employment by Defendant.

27

**SIXTEENTH AFFIRMATIVE DEFENSE**

28

(Wage Statements – Injury/Not Knowing and Intentional; No Injury)

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

16.     As a separate and distinct affirmative defense, any claims pursuant to Labor Code §§ 226 or 226.3 are barred, in whole or in part, because: Plaintiff and/or any alleged aggrieved employees were not "injured" thereby and/or because Defendant's alleged failure to comply was not a "knowing and intentional failure" under Labor Code § 226(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Paid Time Off Policy)

17.     As a separate and distinct affirmative defense, Defendant alleges that during all relevant times, Defendant has had a compliant paid sick leave policy and as such, Plaintiff and/or the alleged aggrieved employees were fully and lawfully compensated for paid time off under California law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported claim for relief set forth therein and any recovery to which Plaintiff and/or the alleged aggrieved employees might be entitled (and Defendant does not admit that Plaintiff and alleged aggrieved employees are entitled to any recovery) must be reduced pursuant to the doctrine of avoidable consequences.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

19.     As a separate and affirmative defense, Defendant alleges that the Complaint and each purported claim for relief set forth therein, or some of them, are barred by the *de minimis* doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Private Right of Action)

20.     As a separate and distinct affirmative defense, Defendant alleges that there is no private right of action for an employee to recover civil penalties, including under pursuant to Labor Code section 246.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees and Costs)

21.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

7

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

2    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

3    (Adequate Remedy at Law)

4    22.    As a separate and distinct affirmative defense, the Complaint, and each and every cause

5    of action alleged therein, is barred because, to the extent if at all that Plaintiff seeks to recover equitable

6    relief, Plaintiff is not entitled to such relief because he has an adequate remedy at law.

7    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8    (Interest)

9    23.    As a separate and distinct affirmative defense, Plaintiff fails to state a claim upon which

10   any interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of

11   interest.

12   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

13   (Offset)

14   24.    As a separate and distinct affirmative defense, any recovery must be offset by the

15   proportionate amount that Plaintiff and/or the alleged aggrieved employees already received.

16   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

17   (Duplicative Recovery and Unjust Enrichment)

18   25.    As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every

19   cause of action therein, is barred, in whole or in part, based on unjust enrichment.

20   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21   (Failure to Mitigate)

22   26.    As a separate and distinct affirmative defense, Plaintiff and/or the alleged aggrieved

23   employees have failed to exercise reasonable care to mitigate their damages, if any were suffered, and

24   their right to recover against Defendant should be reduced and/or eliminated by such a failure.

25   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

26   (Labor Code §§ 201- 203 – Payment of All Wages)

27   27.    As a separate and distinct affirmative defense, Defendant alleges that it paid all wages

28   due and owing at the time of Plaintiff's separation from Defendant.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Labor Code §§ 201- 203 – Good Faith)

28.     As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff was not paid all wages at the time of his separation from Defendant, there is a good faith dispute as to any amount they claim were owed to them at the time of separation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Labor Code § 226(e) – No Injury)

29.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), he did not suffer any injuries as a result of any alleged violation of Labor Code section 226(a).

## THIRTIETH AFFIRMATIVE DEFENSE

### (Labor Code § 226(e) – No Willfulness)

30.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), any alleged non-compliance with Labor Code section 226(a) was inadvertent and not willful.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Not Suffered or Permitted to Work)

31.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, is barred, in whole or in part, to the extent that Defendant neither suffered nor permitted Plaintiff, or any alleged aggrieved employees he seeks to represent, to work during the times for which Plaintiff now claims unpaid wages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Not Subject to the Control of the Employer)

32.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, is barred, in whole or in part, to the extent that Plaintiff, or any alleged aggrieved employees he seeks to represent, were not subject to the control of Defendant during the times for which Plaintiff now claims unpaid wages.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

9

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (PAGA – Failure to Satisfy Condition Precedent)

33.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims pursuant to the Private Attorneys' General Act, California Labor Code section 2698, *et seq.* ("PAGA"), are barred on the basis that Plaintiff failed to satisfy a condition precedent to commencement of a civil claim under Labor Code section 2698, *et seq.*

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (PAGA – No Aggrieved Employees)

34.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims pursuant to PAGA, are barred on the basis that Plaintiff and/or the employees whom he seeks to represent are not "aggrieved" employees as required under PAGA.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (PAGA – Initial Violation)

35.    As a separate and distinct affirmative defense, Defendant alleges that, insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to any of Plaintiff's and/or any allegedly aggrieved current or former employees' underlying Labor Code claims, any civil penalties awarded to Plaintiff on behalf of himself or any other allegedly aggrieved employee under the PAGA must be limited to those penalties applicable to an initial violation.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (PAGA – Unconstitutional - No Separation of Powers)

36.    As a separate and distinct affirmative defense, Defendant contends that PAGA is unconstitutional for, among other reasons, the absence of an effective separation of powers between the branches of government.  PAGA lacks the safeguards which make constitutional claims under the federal False Claims Act. *Kelly v The Boeing Co.,* 9 F.3d 743 (9th Cir. 1993), cert. denied, 510 U.S. 1140.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

10

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(PAGA – Unconstitutional Penalties)

37.     As a separate and distinct affirmative defense, Defendant alleges that the claims of Plaintiff, and/or any allegedly aggrieved current or former employees he seeks to represent, for civil penalties under PAGA are unconstitutional under the United States Constitution and California Constitution due process, equal protection and/or the excessive fines clauses.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(PAGA – Multiple Penalties Unconstitutional)

38.     As a separate and distinct affirmative defense, Defendant alleges that the claims in the Complaint that seek the imposition of multiple penalties for the same basic wrongs are unconstitutional as applied, in that such relief violates the Due Process clauses of the Constitutions of both the United States and the State of California.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(PAGA – No Right to Jury Trial)

39.     As a separate and distinct affirmative defense, Defendant alleges that neither Plaintiff nor any allegedly aggrieved current or former employee has a right to a jury trial with regard to his PAGA claim because a PAGA claim is an action solely seeking PAGA penalties which sounds in equity and thus may only be tried to a court.

### FORTIETH AFFIRMATIVE DEFENSE

(Claims Not Suitable for Litigation on Representative Basis)

40.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties under the Private Attorneys General Act, California Labor Code sections 2698, *et seq*., are not suitable for determination/litigation on a representative basis.  Defendant is currently unaware of any facts that establish Plaintiff as an adequate or proper representative of any of the allegedly aggrieved employees in this matter.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Labor Code § 2699 – Aggrieved Employee)

41.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing to bring claims for civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the PAGA.  Defendant is currently unaware of any facts that establish Plaintiff as an adequate or proper representative of any of the allegedly aggrieved employees in this matter.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Duplicative and Unjust Enrichment)

42.    As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred, in whole or in part, to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment, is arbitrary and oppressive, and/or is confiscatory.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(No Representative Action)

43.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are such that they cannot be tried on a representative basis because (a) such a determination requires complex individualized factual issues, (b) damages and/or penalties could not be calculated on a representative basis, (c) any damages and/or penalties that might be proved would not be identical for all allegedly aggrieved employees, (d) trying such a representative action would be unmanageable and could not be tried without violating Defendant's due process rights, and (e) trying such a representative action would be contrary to the legislative intent of the PAGA.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(No Minimum Wage Violation)

44.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claim for wages is barred, in whole or in part, because Defendant paid more than the minimum wage for each and every hour worked by Plaintiff and/or the alleged aggrieved employees.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(Minimum Wage Claims – Good Faith/Liquidated Damages)

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

12

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

45.     As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for wages are barred, in whole or in part, under Labor Code section 1194.2 because Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, or the applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing it did not violate them.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

(Right to Verify Identity Before Furnishing Payroll Records)

46.     As a separate and distinct affirmative defense, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Complaint, Defendant alleges that under both California Labor Code section 226(b) and Labor Code section 1198.5(e), Defendant has the right to "take reasonable steps to ensure the identity of a current or former employee" requesting copies of employment records.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Preemption by LMRA)

47.     Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, or some of them, are barred to the extent that they are preempted by section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), as Plaintiff's employment was governed by a valid collective bargaining agreement entered into between Defendant and the Union representing Plaintiff, and Plaintiff's causes of action depend on the interpretation of that collective bargaining agreement.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time.  Accordingly, Defendant expressly reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

13

1    2.      That judgment be entered in Defendant's favor;

2    3.      That Defendant be awarded its costs of suit and attorney's fees; and

3    4.      For such other and further relief as the Court deems just and proper.

Dated: October 14, 2024

LITTLER MENDELSON, P.C.


Joshua D. Kienitz
P. Dustin Bodaghi
Alejandra Gallegos

Attorneys for Defendant
UNIVERSITY MECHANICAL &
ENGINEERING CONTRACTORS, INC.

LITTLER
MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

14

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT