UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROCK ALLMARAS, individually and on behalf of others similarly situated,<br><br>                          Plaintiff,<br><br>v.<br><br>UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, INC. and DOES 1 through 50, inclusive,<br><br>                          Defendant. | Case No.: 24-cv-02021-GPC-SBC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[ECF No. 10]** |

On October 29, 2024, this case was removed to federal court.  ECF No. 1.  On November 22, 2024, Plaintiff Brock Allmaras filed a motion for leave to amend the Complaint.  ECF No. 10.  On December 20, 2024, Defendant University Mechanical & Engineering Contractors, Inc. filed an opposition.  ECF No. 20.  On January 9, 2025, Plaintiff filed a reply.  ECF No. 23.  The Court finds the matter suitable for decision on the papers.  For the reasons below, the Court GRANTS Plaintiff's motion for leave to amend the Complaint.

## I. Background

### A. Factual Background

On October 7, 2024, Plaintiff Brock Allmaras filed a complaint against University Mechanical & Engineering Contractors, Inc. pursuant to the California Private Attorneys General Act ("PAGA") on behalf of himself and "[a]ll current and former non-exempt employees who worked for Defendants in California at any time from one year prior to the postmark date of the initial PAGA notice through date of trial." ECF No. 1-3 ("Compl.") ¶ 44. On October 29, 2024, Defendant removed this case to federal court. ECF No. 1.

Plaintiff's various claims hinge on the general allegation that Defendant required "Plaintiff and the aggrieved employees to complete work while off-the-clock, without compensation." Compl. ¶ 22. Plaintiff alleges that Defendant committed the following violations: (1) minimum wage violations (Cal. Lab. Code §§ 1194 & 1197-98); (2) unpaid overtime (*Id.* ¶¶ 510, 1194, & 1198); (3) unpaid paid sick leave (*Id.* §§ 256-248.7); (4) unpaid meal period premium wages (*Id.* §§ 226.7, 512, & 1198); (5) unpaid rest period premium wages (*Id.* §§ 226.7, 516, & 1198); (6) untimely payment of wages upon separation of employment (*Id.* ¶¶ 201-03 & 256); (7) non-compliant wage statements (*Id.* §§ 226 & 226.3); (8) failure to reimburse employee expenses (*Id.* §§ 2802 & 2804); (9) failure to provide employee records (*Id.* §§ 226, 432, 1174, & 1198.5); and (10) failure to maintain accurate records (*Id.* § 1174). Compl. ¶ 55.

### B. Related Case

Plaintiff previously brought a putative class action against Defendant for the same underlying claims for which he now seeks PAGA penalties. *Allmaras v. Univ. Mech. & Eng'g Contractors, Inc.* ("*Allmaras I*"), --- F. Supp. 3d ----, 2024 WL 4860804 (S.D. Cal. Nov. 20, 2024). There, this Court held one of the claims—the claim for untimely payment of wages pursuant to Labor Code § 204—to be preempted under the § 301 of the

Labor Management Relations Act ("LMRA").  *Id.* at *8-9.  Thus, the Court had jurisdiction over the untimely payment of wages claim and exercised supplemental jurisdiction over the remaining claims.  *Id.* at *10 n.4.

In *Allmaras I*, the Court ultimately dismissed all claims without leave to amend.  *Id.* at *13.  The untimely payment of wages claim was dismissed as preempted under federal labor-contract law.  *Id.* at *9-10.  The remaining claims were not preempted but were instead dismissed because they were subject to the applicable collective bargaining agreement's ("CBA") arbitration provisions.  *Id.* at 10-12.

The Court stayed the instant case pending the disposition of the motion to dismiss in *Allmaras I*.  ECF No. 9.  After the Court granted Defendant's motion to dismiss in *Allmaras I*, the parties proceeded by filing several motions, including the instant motion for leave to amend the Complaint.  *See* ECF Nos. 10, 11, & 15.

**II.   Discussion**

Under Federal Rule of Civil Procedure ("Rule") 15, once a plaintiff's time to amend as a matter of course has expired, he may only amend by leave of court or with the written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Plaintiff's time to amend as a matter of course has passed and Defendant opposes the request, ECF No. 20, so Plaintiff must obtain leave from the Court.

"Rule 15 advises the court that leave shall be freely given when justice so requires."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  This policy should "be applied with extreme liberality."  *Id.* (internal quotation marks and citation omitted).  Thus, the Court should grant leave to amend unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Absent prejudice, or a strong showing of any of the remaining factors, there is a presumption in favor of granting leave to amend. *Eminence Cap.*, 316 F.3d at 1052.

Here, Plaintiff's proposed amendments seek to remove its claim for violations of Labor Code §§ 204, 204b, and 210. ECF No. 10-1 at 2. The claim brought pursuant to these sections is the claim which previously gave the Court subject matter jurisdiction in the related case, *Allmaras I*, 2024 WL 4860804, at *8-9 & 10 n.4 (S.D. Cal. Nov. 20, 2024). Plaintiff argues that there is no bad faith or undue delay here, as this request was filed promptly after the related case was decided. ECF No. 10-1 at 3. Plaintiff argues there is no prejudice given that the case is still in its infancy. *Id.* And Plaintiff argues that amendment is not futile because it avoids redundant motion practice on issues already decided in *Allmaras I*. *Id.* Defendant, in its opposition, argues that the Court should dismiss the civil penalties claims brought pursuant to these sections with prejudice, rather than allow Plaintiff to amend the Complaint to remove them. ECF No. 20 at 2.

Defendant does not cite any legal authority for the proposition that the Court should dismiss the claims that Plaintiff wishes to amend the Complaint to remove. *See id.* (absence). Defendant merely contends that because "[t]he result would be the same," the Court dismissing the claims is more efficient. *Id.* The Court does not agree. As Plaintiff notes, there is no prejudice, bad faith, undue delay, or futility. Defendant does not contest this. Thus, there is a strong presumption in favor of granting leave to amend. *Eminence Cap.*, 316 F.3d at 1052. Defendant has failed to demonstrate that the Court should not apply the presumption here.

///
///
///

## III. CONCLUSION

Accordingly, the Court GRANTS Plaintiff leave to file the proposed First Amended Complaint ("FAC").  *See* ECF No. 10-1 at 4-39 (proposed FAC).  Plaintiff is directed to file the proposed FAC by Friday, February 7, 2025 at 1:00 p.m.

**IT IS SO ORDERED.**

Dated:  February 6, 2025

Hon. Gonzalo P. Curiel
United States District Judge