UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROCK ALLMARAS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY MECHANICAL & ENGINEERING CONTRACTORS, INC. and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.: 24-cv-02021-GPC-SBC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO REMAND AND**<br>**(2) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF Nos. 11 & 15]** |

On October 29, 2024, this case was removed to federal court. ECF No. 1. On November 22, 2024, Plaintiff Brock Allmaras filed a motion for leave to amend the Complaint, ECF No. 10, and filed a motion to remand the case to state court. ECF No. 11. Then, on December 19, 2024, Defendant filed a motion for judgment on the pleadings ("MJOP"). ECF No. 15. Defendant then opposed the motion to remand on the same grounds upon which it moved for judgment on the pleadings. ECF No. 18. Considering the overlapping legal issues, Plaintiff filed a consolidated brief both replying

1

to Defendant's opposition to the motion to remand and opposing the motion for judgment on the pleadings. ECF No. 24. Defendant then filed a reply brief as to the motion for judgment on the pleadings. ECF No. 25.

Because the motion to remand and MJOP involve legal issues which overlap significantly, the Court considers the motions at the same time. The Court finds the motions suitable for decision on the papers. For the reasons below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion for judgment on the pleadings.

## BACKGROUND

### I. Factual Background[1]

On October 7, 2024, Plaintiff Brock Allmaras filed a complaint against University Mechanical & Engineering Contractors, Inc. pursuant to the California Private Attorneys General Act ("PAGA") on behalf of himself and "[a]ll current and former non-exempt employees who worked for Defendants in California at any time from one year prior to the postmark date of the initial PAGA notice through date of trial." ECF No. 27 ("FAC") ¶ 45. On October 29, 2024, Defendant removed this case to federal court. ECF No. 1. On February 6, 2025, Plaintiff filed the FAC. FAC.

---

[1] On February 6, 2025, the Court granted Plaintiff's motion for leave to amend the Complaint. ECF No. 26. On the same day, Plaintiff filed the First Amended Complaint ("FAC"). ECF No. 27 ("FAC"). The FAC removes Plaintiff's claim for violations of Labor Code §§ 204, 204b, and 210. *See id.* ¶ 56 (absence). This claim previously gave the Court subject matter jurisdiction in *Allmaras v. Univ. Mech. & Eng'g Contractors, Inc.* ("*Allmaras I*"), --- F. Supp. 3d ----, 2024 WL 4860804, at *8-9 & *10 n.4 (S.D. Cal. Nov. 20, 2024). In anticipation of the removal of this claim, the parties' briefing on the motion to remand and MJOP discussed other potential grounds for jurisdiction and dismissal. *See* ECF No. 11 & 15. Because the filing of the FAC does not change the arguments made in the parties' briefs, the Court will consider the FAC to be the operative complaint for purposes of the motion to remand and MJOP.

Plaintiff's various claims hinge on the general allegation that Defendant required "Plaintiff and the aggrieved employees to complete work while off-the-clock, without compensation." *Id.* ¶ 23. Plaintiff was allegedly expected to arrive to work 30 minutes early and begin working, and Defendant allegedly prohibited Plaintiff from logging this time on his timecard. *Id.* ¶ 24. Further, Plaintiff was allegedly expected to respond to messages and phone calls regarding work-related matters while off-the-clock and was not allowed to log this time on this timecard, either. *Id.* ¶ 25. Plaintiff also allegedly "routinely experienced missed, late, short, and interrupted meal periods due to pressure from Defendants to get their projects completed as soon as possible," *Id.* ¶ 29, and due to pressure to work through his rest periods, *Id.* ¶ 31. Plaintiff allegedly incurred work-related costs without reimbursement, *Id.* ¶ 36, such as "expenses incurred from cell phone usage required for the job or from obtaining tools that were required for the job," *Id.* ¶ 38.

Plaintiff alleges that Defendant committed the following violations: (1) minimum wage violations (Cal. Lab. Code §§ 1194 & 1197-98); (2) unpaid overtime (*Id.* ¶¶ 510, 1194, & 1198); (3) unpaid paid sick leave (*Id.* §§ 256-248.7); (4) unpaid meal period premium wages (*Id.* §§ 226.7, 512, & 1198); (5) unpaid rest period premium wages (*Id.* §§ 226.7, 516, & 1198); (6) untimely payment of wages upon separation of employment (*Id.* ¶¶ 201-03 & 256); (7) non-compliant wage statements (*Id.* §§ 226 & 226.3); (8) failure to reimburse employee expenses (*Id.* §§ 2802 & 2804); (9) failure to provide employee records (*Id.* §§ 226, 432, 1174, & 1198.5); and (10) failure to maintain accurate records (*Id.* § 1174). FAC ¶ 55.

## II. Procedural Background

Plaintiff previously brought a putative class action against Defendant for the same underlying claims for which he now seeks PAGA penalties. *Allmaras v. Univ. Mech. & Eng'g Contractors, Inc.* ("*Allmaras I*"), --- F. Supp. 3d ----, 2024 WL 4860804 (S.D. Cal. Nov. 20, 2024). There, this Court held one of the claims—the claim for untimely

payment of wages pursuant to Labor Code § 204—to be preempted under the § 301 of the Labor Management Relations Act ("LMRA"). *Id.* at *8-9. Thus, the Court had jurisdiction over the untimely payment of wages claim and exercised supplemental jurisdiction over the remaining claims. *Id.* at *10 n.4.

In *Allmaras I*, the Court ultimately dismissed all claims without leave to amend. *Id.* at *13. The untimely payment of wages claim was dismissed as preempted under federal labor-contract law. *Id.* at *9-10. The remaining claims were not preempted but were instead dismissed because they were subject to the applicable collective bargaining agreement's ("CBA") arbitration provisions. *Id.* at 10-12.

The Court stayed the instant case pending the disposition of the motion to dismiss in *Allmaras I*. ECF No. 9. After the Court granted Defendant's motion to dismiss in *Allmaras I*, the parties proceeded by filing several motions, including the two that are now before the Court. *See* ECF Nos. 10, 11, & 15.

## REQUESTS FOR JUDICIAL NOTICE

In its motion for judgment on the pleadings, Defendant requests judicial notice of two agreements entered into between Defendant and Plaintiff's union. *See* ECF No. 15-3 (RJN); *see also* ECF No. 15-1 (agreements). Under Federal Rule of Evidence 201, a Court may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Courts routinely take judicial notice of CBAs, especially when reference to the CBA is required to resolve issues of preemption. *See, e.g., Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1193 (C.D. Cal. 2015) (taking judicial notice of CBA that formed the basis for defendant's argument that certain claims were preempted by the LMRA); *see Lujano v. Piedmont Airlines, Inc.*, 734 F. Supp. 3d 988, 995 (C.D. Cal. 2024) ("the court takes judicial notice of the CBA because courts regularly take

judicial notice of collective bargaining agreements on a motion to dismiss when the documents are not subject to reasonable dispute") (internal citation and quotation marks omitted).  The memoranda of understanding ("MOUs") at issue here can accurately be characterized as collective bargaining agreements.  *See Inlandboatmens Union of Pac. v. Dutra Grp.*, 279 F.3d 1075, 1079 (9th Cir. 2002) ("a collective bargaining agreement is not limited solely to the specific provisions of the basic labor contract formally executed by the parties, but it may also include, among other things, written side agreements and oral understandings entered into by the parties to the collective bargaining relationship"), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).  Accordingly, the MOUs are the proper subjects of judicial notice.

Plaintiff opposes judicial notice on two grounds.  First, he raises concerns about the fact that the Defendant did not request judicial notice of these documents at the motion to dismiss stage of *Allmaras I*.  ECF No. 24 at 10.  Second, Plaintiff complains that one of the MOUs was "created on the eve of a litigation filing to try and gut this case."  *Id.* (referencing ECF No. 15-1 at 7-8).  But these concerns do not bear on the question of judicial notice, and Plaintiff cites no case law to the contrary.

Accordingly, the Court GRANTS Defendant's request for judicial notice of the MOUs.

## MOTION TO REMAND

**I.     Legal Standard**

A defendant may remove a civil action brought in state court if the action "might have been brought originally in federal court." *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1158 (E.D. Cal. 2002) (citing 28 U.S.C. § 1441).  "Absent diversity of citizenship, federal-question jurisdiction is required" to remove an action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."

*Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). However, when "Congress clearly manifested an intent to convert state law claims into federal-question claims," the state law claims are completely preempted and the state law claims "will be deemed to arise under federal law for jurisdiction purposes." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).

Section 301 of the LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Section 301 is essentially "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). "[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983). Thus, claims that are preempted by § 301 necessarily arise under federal law, and federal courts have jurisdiction over them. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016).

The Ninth Circuit has applied a two-step test to determine whether a claim is preempted by § 301. *Mellon v. Universal City Studios, LLC*, 625 F. Supp. 3d 1007, 1013 (C.D. Cal. 2022). First, the court asks "whether a particular right inheres in state law or, instead, is grounded in a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* at 1059. Second, the court asks "whether a state law right is 'substantially dependent' on the terms of a CBA." *Burnside*, 491 F.3d at 1060 (citing *Caterpillar*, 482 U.S. at 394). The key question here is "whether the claim can be

resolved by 'looking to' versus interpreting the CBA." *Id.* (internal citations omitted).  If the former, the claim is not preempted; if the latter, the claim is preempted.  *Id.*

## II. Discussion

Plaintiff brings a single cause of action for civil penalties under the Private Attorneys General Act ("PAGA").  *See* FAC ¶¶ 44-57.  Notably, the FAC removes allegations of untimely payment of wages during employment under Labor Code §§ 204, 204b, and 210.  *See* FAC ¶ 56 (absence).  In *Allmaras I*, this Court held that the claim for untimely payment of wages under Labor Code § 204 was the only claim that was preempted under LMRA § 301.  *Allmaras I*, 2024 WL 4860804, at *8-9.  Plaintiff argues that, because the Court found that all remaining claims were not preempted under § 301, the Court now lacks subject matter jurisdiction.  ECF No. 11-1 at 2.

Defendant argues that the Court has jurisdiction irrespective of whether the FAC includes a claim for untimely payment of wages during employment.  First, Defendant argues that the Court has jurisdiction to enforce the arbitration provisions of the PAGA waiver that the parties are subject to, irrespective of whether § 301 preemption applies. ECF No. 18 at 11.  Next, Defendant argues that the Court has jurisdiction to determine whether a Labor Code exemption applies.  *Id.* at 13-16.  Last, Defendant argues that, to the extent Plaintiff's PAGA claim is based on alleged overtime, meal break, and paid sick leave violations, these underlying claims are preempted by § 301.  *Id.* at 16-18.

### A. Jurisdiction To Enforce CBA's Arbitration Provisions

Section 301 preemption "is designed to ensure 'specific performance of promises to arbitrate grievances under collective bargaining agreements." *Columbia Exp. Terminal, LLC v. Int'l Longshore & Warehouse Union*, 23 F.4th 836, 842 (9th Cir. 2022) (quoting *Textile Workers of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 451 (1957)). "Therefore, mandatory grievance and arbitration procedures contained in a collective bargaining agreement must be exhausted before bringing a lawsuit under Section 301 of

the LMRA." *Europa Auto Imports, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 190*, No. 22-cv-1987-GPC(BGS), 2024 WL 499475, at *6 (S.D. Cal. Feb. 8, 2024) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) and *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990)).

Defendant argues that these principles provide the Court with jurisdiction "independent of whether Section 301 preemption applies." ECF No. 18 at 11. The Court disagrees. Instead, when the Court is faced with claims that are preempted by § 301, it must enforce any promises to arbitrate grievances found in the CBA before it examines the merits of the lawsuit. But first, the Court must have federal question jurisdiction based on § 301 preemption. This is in line with the "central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance." *Lueck*, 471 U.S. at 220.

In support of its argument, Defendant briefly cites *Melena v. ASRC Indus. Servs., LLC*, 2022 WL 423493, *7-8 (C.D. Cal. Jan. 19, 2022), where the Court granted summary judgment because a Labor Code exemption applied and therefore barred the Plaintiff's PAGA action. Because the PAGA claim was barred, the *Melena* court did not reach the question of § 301 preemption. *Id.* at *8. Defendant contends that *Melena* supports the argument that a Court has jurisdiction to enforce arbitration irrespective of whether there is § 301 preemption. But *Melena* involved the disposition of claims on summary judgment; there was no dispute as to the court's jurisdiction. The Court thus is not persuaded by *Melena*.

Defendant also cites *Allmaras I*, 2024 WL 4860804, at *10-13, where this Court ordered arbitration of claims that were not preempted under § 301. But there, the Court found that it had subject matter jurisdiction over all claims before it ordered arbitration. *Id.* Specifically, the Court found that the claim for untimely payment of wages under Labor Code § 204 was preempted by LMRA § 301, *id.* at *8-10, and subsequently took

supplemental jurisdiction over the remaining claims, *id.* at *10 n.4. Thus, it was § 301 preemption that raised a federal question in *Allmaras I*, not the need to enforce the CBA's arbitration provisions.

Accordingly, the Court finds that it is § 301 preemption—not the mere existence of a CBA with arbitration provisions—that raises a federal question. The Court thus does not have jurisdiction to enforce CBA's arbitration provisions independent of § 301 preemption.

### B. Jurisdiction Under LMRA § 301

Defendant contends that a Labor Code exemption applies, and thus the PAGA action is preempted under LMRA § 301. ECF No. 18 at 13-16. If a Labor Code exemption in fact applies to bar the PAGA cause of action, then the right exists solely as a result of the CBA, and the claim is preempted. *Burnside*, 491 F.3d at 1059; *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153-54 (9th Cir. 2019) (finding that a Labor Code claim is preempted under § 301 where the applicable CBA meets the requirements of a Labor Code exemption).

Defendant argues that the Labor Code § 2699.6 exemption applies here. ECF No. 18 at 13. Generally, "an employee's right to bring a PAGA action is unwaivable." *Iskanian v. CLA Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 383 (2014), *overruled in part on other grounds by Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022). But "the Legislature carved out an exception to the rule prohibiting contractual waivers of PAGA suits by enacting a PAGA statute that applies to the construction industry." *Oswald v. Murray Plumbing & Heating Corp.*, 82 Cal. App. 5th 938, 943 (2022). Labor Code § 2699.6(a) exempts construction workers from PAGA if they are covered by a CBA "that expressly provides for the wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum

wage rate," and the CBA "(1) has a grievance and arbitration procedure to redress Labor Code violations; (2) clearly waives PAGA; and (3) authorizes the arbitrator to award all remedies available under the Labor Code."  *Oswald*, 82 Cal. App. 5th at 941.

There is no dispute that Plaintiff is employed in the construction industry.  *See* ECF No. 1-2 at 12-14 (CBA description of scope of work).  There is also no dispute that the applicable CBA expressly provides for the wages, hours, and working conditions of the employees, *see id.* at 39-43, along with premium wage rates for overtime hours, *id.* at 41.  Further, the CBA has arbitration provisions to redress Labor Code violations, *id.* at 51-55; ECF No. 15-1 at 5,[2] waives PAGA, ECF No. 15-1 at 5, and authorizes the arbitrator to award all remedies available under the Labor Code, *id*.  Therefore, the only issue in dispute is whether an applicable CBA provides for the employee to receive an hourly pay rate of not less than 30 percent more than the state minimum wage.  ECF No. 18 at 14-16; ECF No. 25 at 4-7.

To this end, the Court notes that Defendant and Plaintiff's labor union entered into a retroactive memorandum of understanding regarding covered employees' rate of pay ("Wage MOU") on December 16, 2024—over two months after this case was originally filed in state court, ECF No. 1 at 9.  *See* ECF No. 15-1 at 8.  The Wage MOU seeks to clarify the PAGA MOU and expressly states that it is retroactive to April 8, 2021.[3]  *Id.*  The Wage MOU "covers all individuals who are or were employed by UMEC and represented by District Council 16 and its affiliated local unions" ("Covered Employees").  *Id.*  The Wage MOU states that "beginning on, and retroactive to, [April 8, 2021], all Covered Employees should have earned a base rate of pay of at least 130% of

---

[2] As will be explored in more detail below, the memorandum of understanding which waives PAGA can appropriately be considered a "CBA."  *See supra* at 11-12.

[3] This is the same date that the parties entered into the PAGA MOU.  ECF No. 15-1 at 5-6.

the then-current California state minimum wage, plus 1 cent."[4] *Id.* The question before the Court is whether the Wage MOU is a valid retroactive agreement, and whether Labor Code § 2699.6's requirements are met as a result of the Wage MOU.

The Court first notes that both the PAGA MOU and Wage MOU are collective bargaining agreements within the meaning of Labor Code § 2699.6 and LMRA § 301. "[A] collective bargaining agreement is not limited solely to the specific provisions of the basic labor contract formally executed by the parties, but it may also include, among other things, written side agreements and oral understandings entered into by the parties to the collective bargaining relationship." *Inlandboatmens Union of Pac. v. Dutra Grp.*, 279 F.3d 1075, 1079 (9th Cir. 2002), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). "Notably, Section 301 has been broadly construed to include not only collective bargaining agreements, but also other 'agreement[s] between employers and labor organizations significant to the maintenance of labor peace between them.'" *Graves v. IBT Loc. 572*, 2011 WL 3625711, at *3 (C.D. Cal. Aug. 17, 2011) (quoting *Inlandboatmen's Union,* 279 F.3d at 1078 n. 3 (quoting *Retail Clerks Int'l. Ass'n, Loc. Unions Nos. 128 & 633 v. Lion Dry Goods, Inc.,* 369 U.S. 17, 28 (1962))). Here, the parties entered into a written side agreement to retroactively increase the Covered Employees' pay. This supplemental agreement between the employer and union is significant to the maintenance of labor peace and their overall relationship. Accordingly, the Wage MOU is a collective bargaining agreement.

---

[4] The Wage MOU further states that it "supersedes any lesser wage rate set forth in the Master Agreement." ECF No. 15-1 at 8. Further, to the extent that the Defendant did not meet the agreed-upon wage rates at any point dating back to April 8, 2021, the Wage MOU states that Defendant "will make retroactive payments to Covered Employees who are entitled to additional wages as clarified in this MOU."

Plaintiff, however, disputes whether the parties can retroactively bring their agreement within the coverage of Labor Code § 2699.6's exemption. Plaintiff, relying on the plain text of the statute, argues that the Wage MOU was not "in effect" when the Covered Employees "performed work" during the relevant time. ECF No. 24 at 5. For instance, Plaintiff performed work from July 2023 to April 2024, FAC ¶ 15, and the Wage MOU was not entered into until December 16, 2024, ECF No. 15-1 at 8. Thus, Plaintiff asserts that the CBA in effect at the time the work was performed did not meet Labor Code § 2699.6's requirements. ECF No. 24 at 5. Plaintiff further argues that he did not "receive" the required pay rate during the relevant period; rather, he was paid less than 130% of the state minimum wage. *Id.* at 5-6.[5]

But Plaintiff misunderstands the effect of the retroactive agreement at issue. To the extent Plaintiff lodges an argument that the Wage MOU is an invalid or "illusory" attempt to increase the wage rate and bring the Covered Employees within Labor Code § 2699.6, he is incorrect. "Employers and unions . . . can enter into a valid CBA that retroactively covers the bargaining period." *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1198 (C.D. Cal. 2015) (collecting cases). Thus, if "the CBA provides for retroactive effect of the CBA," it can cover a plaintiff's employment period, even if it was entered into after the employment ended. *O'Conner v. Hilton Hawaiian Village*, 763 F. Supp. 1544, 1548 (D. Haw. 1990) (because the relevant CBA "provide[d] for retroactive effect," it "cover[ed] the time in which O'Conner worked at Hilton"); *see also*

---

[5] Plaintiff further argues that he did not "receive" the required pay rate during the relevant period; rather, he was paid less than 130% of the state minimum wage. ECF No. 24 at 5-6. To make this point, Plaintiff attaches his wage statement for the pay period of July 31, 2023 through August 6, 2023. *See* ECF No. 24-2. Plaintiff does not request judicial notice of this wage statement, and in fact asserts that the paystub would not be proper to consider in deciding Defendant's motion for judgment on the pleadings because it is outside the four corners of the Complaint. The Court finds that Plaintiff's argument and proffered wage statement are not relevant or necessary to the disposition of the issues presented, and thus will not consider them in making this decision.

*Univ. of Haw. Pro. Assembly v. Cayetano*, 183 F.3d 1096, 1100 (9th Cir. 1999) (accepting retroactive application of CBA where the CBA explicitly stated that it was retroactive); *see also Gutierrez v. Anning-Johnson Co.*, 2023 WL 3852675, at *12 (C.D. Cal. June 6, 2023) ("an arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement") (quoting *Franco v. Greystone Ridge Condominium*, 39 Cal. App. 5th 221, 230 (2019)) (cleaned up).

The court's decision in *Hall* is instructive here. There, the court dealt with a CBA that was negotiated after the plaintiff's employment ended, but which stated that it applied retroactively to cover the plaintiff's employment period. 146 F. Supp. 3d at 1199. The court ultimately held "that the 2015 CBA applied retroactively and governed plaintiff's employment." Here, the Wage MOU explicitly states that its effective date is April 8, 2021, and that "UMEC and District Council 16 expressly agree that this MOU is retroactive to the Effective Date." ECF No. 15-1 at 8. Because the CBA provides for such retroactive effect, it effectively governs Plaintiff's employment during the relevant period. *Hall*, 146 F. Supp. 3d at 1199; *see also Shanley v. Tracy Logistics LLC*, --- F. Supp. 3d ----, 2024 WL 4647638, at *5 (E.D. Cal. Oct. 31, 2024) ("Defendants' submission of a signed collective bargaining agreement with an effective starting date of June 1, 2021, is sufficient to meet their burden of showing that Plaintiff was covered by a qualifying collective bargaining agreement").

Both parties refer to *Oswald v. Murray Plumbing & Heating Corp.*, a California Court of Appeal case involving an MOU that retroactively required arbitration of PAGA claims. 82 Cal. App. 5th at 944. There, the court notably held that "[a] contracting party may agree to an arbitration clause that applies retroactively to a pending lawsuit, affecting claims that arose while the plaintiff worked for the defendant but before the arbitration clause was signed, if the clause explicitly applies to all claims relating to the employment." *Id.* In this sense, *Oswald* supports Defendant's argument. But Plaintiff

notes that the court later stated, "We concluded that the original arbitration provisions satisfied section 2699.6 and barred Oswald's suit. The clear terms of the MOU, modeled on the language of section 2699.6, reinforce our conclusion." *Id.* at 945. Plaintiff essentially contends that this statement cabined *Oswald*'s holding, and that the instant case is distinguishable because the original CBA does not satisfy § 2699.6. But the court only made this concluding statement to note its original conclusion, as the retroactive MOU at issue was only brought to its attention on the eve of oral argument. *See id.* The court's concluding statement in *Oswald* thus does not change its holding that the retroactive MOU was valid and applicable. *Oswald* thus further supports Defendant's argument that the Wage MOU at issue here applies retroactively to the PAGA period.

The Court finds that the CBA at issue provides "for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 2699.6(a). The CBA meets all the requirements of the § 2699.6 exemption. Accordingly, § 2699.6 does not apply to Plaintiff, and his right to recover exists solely as a result of the CBA. LMRA § 301 therefore preempts Plaintiff's PAGA claim.

### III.  Conclusion

Because Plaintiff's PAGA claim is preempted by LMRA § 301, the Court has subject matter jurisdiction over the Complaint. *See Curtis*, 913 F.3d at 1152 ("a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court"). Accordingly, Plaintiff's motion to remand is DENIED.

### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant moves for judgment on the pleadings on the same grounds on which it opposed Plaintiff's motion to remand. *See* ECF No. 15. Specifically, Defendant argues that because the Labor Code § 2699.6 exemption applies, Plaintiff's claim is precluded, and instead must be arbitrated. ECF No. 15. Plaintiff argues that judgment on the

pleadings is an improper vehicle for compelling arbitration and asks the Court to instead stay proceedings pending the outcome of arbitration. ECF No. 24 at 4.

## I. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard for determining a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 & n.4 (9th Cir. 2011). On a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* A court must not consider matters beyond the pleadings as such a proceeding must be treated as a motion for summary judgment. *Id.* "However, a court may consider facts that are contained in materials of which the court may take judicial notice when considering a motion for judgment on the pleadings." *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1345 (C.D. Cal. 2014) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n. 18 (9th Cir.1999)).[6]

## II. Discussion

Once a state law claim has been found to be preempted under § 301, "that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-

---

[6] Plaintiff argues briefly that the Court's decision will go "beyond the pleadings" to resolve the motion for judgment on the pleadings. ECF No. 24 at 9. However, because the Court has properly taken judicial notice of the additional documents it is considering, Plaintiff's argument fails.

contract law." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1034 (9th Cir. 2016) (quoting *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). An employee can maintain a preempted claim "if she can demonstrate that her remedies under the . . . CBA were exhausted . . . or that her union breached its duty of fair representation in failing to do so." *Kobold*, 832 F.3d at 1036; *see also id.* at 1034.

Here, Plaintiff's PAGA claim is preempted under § 301. Thus, the claim is precluded, and instead, the parties have an agreement to arbitrate violations that would typically arise under PAGA. *See* ECF No. 15-1 at 8. The PAGA MOU states that "the Parties hereby expressly and unambiguously waive the provisions of the California Private Attorneys General Act (PAGA)." *Id.* Further, the PAGA MOU states that violations that would be redressable under PAGA "shall be resolved exclusively through the Grievance-Arbitration procedure contained in this Memorandum . . . and shall not be brought in a court of law[.]" *Id.* These provisions clearly constitute a waiver of any PAGA claims and an agreement to arbitrate the violations Plaintiff complains of here. However, as to the underlying violations, Plaintiff has not demonstrated that he exhausted his remedies under the CBA, nor does he argue that the union breached its duty of fair representation in failing to pursue his arbitrable claims. Thus, Plaintiff's claim is subject to dismissal as preempted by federal labor-contract law. *See Kobold*, 832 F.3d at 1034.

Notwithstanding the preclusion of the PAGA claim, Plaintiff asks the Court to stay the proceedings pending the outcome of the arbitration rather than grant judgment on the pleadings. *See* ECF No. 24 at 4. In support of this argument, Plaintiff cites *Smith v. Spizzirri*, 601 U.S. 472 (2024). There, the Supreme Court held that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act ("FAA")] compels the court to stay the proceeding." *Id.* at 478. In such situations, "the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Id.* at 475-76.

But *Smith* does not apply here, where the Plaintiff's sole claim has been waived and is entirely precluded under the CBA. The court's decision in *Walton v. C. Overaa & Co.*, 2024 WL 4495809 (N.D. Cal. Oct. 14, 2024), which was decided after *Smith*, is instructive here. There, the plaintiff brought a number of wage-and-hour claims, along with a separate PAGA claim. *Walton*, 2024 WL 4495809, at *1. The court first found that the applicable CBA governed all of the plaintiff's claims. *Id.* at *4. Separately, the court found that the CBA also contained a valid PAGA waiver under Labor Code § 2699.6, "which bars the plaintiff's PAGA claim." *Id.* Because the plaintiff's PAGA claim was barred, the court "grant[ed] the motion for judgment on the PAGA claim." *Id.* The court then compelled arbitration of the remaining wage-and-hour claims and stayed the case pending arbitration of the remaining claims, pursuant to *Smith*. *Id.*

Similarly, here, the Court is faced with a PAGA claim which is expressly waived and barred by the applicable CBA. Because the PAGA claim is precluded, Plaintiff plainly fails to state any claim for relief. And, unlike in *Walton*, there are no remaining wage-and-hour claims that are subject to arbitration and which the Court should stay. Because the sole claim is barred, and there are no remaining claims subject to arbitration, a stay is not warranted here. *See Allmaras I*, 2024 WL 4860804, at *9-12 (dismissing claim that was preempted under § 301 while ordering arbitration of the remaining claims that were not preempted under § 301). Accordingly, Defendant has "establishe[d] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios*, 896 F.2d at 1550.

**III. Conclusion**

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings.

# CONCLUSION

The Court DENIES Plaintiff's motion to remand, ECF No. 11, and GRANTS Defendant's motion for judgment on the pleadings without leave to amend, ECF No. 15.[7] The clerk of the court is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated:  February 11, 2025

Hon. Gonzalo P. Curiel
United States District Judge

---

[7] While Plaintiff does not request leave to amend, the Court notes that it has "discretion to grant Rule 12(c) motions with leave to amend.  This is particularly true where any amendment would be futile." *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014).  Here, Plaintiff's claim is barred by the CBA, and thus "any attempt to allege additional facts would be futile." *Gray v. Marathon Petrol. Logistics Servs., LLC*, 2021 WL 129144, at *6 n.8 (C.D. Cal. Jan. 12, 2021) (denying leave to amend where alleging additional facts would be futile because the claims were statutorily barred under the CBA's language and preempted by the LMRA).  Thus, the Court will not provide Plaintiff leave to amend.